```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEFFREY C. LEATHERSICH,

        Plaintiff,

    -v-                                        18-cv-6363
                                                    **DECISION AND ORDER**

HONORABLE J. DENNIS COHEN,

        Defendant.

## **INTRODUCTION**

*Pro se* plaintiff Jeffrey C. Leathersich ("Plaintiff") filed the instant action on May 15, 2018. Docket No. 1. Plaintiff alleges that defendant the Honorable J. Dennis Cohen ("Defendant" or "Judge Cohen"), a Livingston County Family Court Judge, violated Plaintiff's constitutional rights in connection with divorce and custody proceedings. Plaintiff seeks an injunction ordering that: (1) Judge Cohen recuse himself from any future Family Court or divorce proceedings involving Plaintiff; (2) Plaintiff's Family Court and divorce proceedings be moved to the Monroe County Courts; (3) the Livingston County attorney-for-the-children, Robert Campbell, be removed from Plaintiff's Family Court and divorce proceedings; and (4) the Monroe County Court grant a new hearing on the matter of custody and visitation of Plaintiff's minor children.

On May 29, 2018, Defendant filed a motion to dismiss the complaint on the basis of absolute judicial immunity, among other reasons. Docket No. 3. Thereafter, on June 13, 2018, Plaintiff filed a motion for leave to amend his complaint. Docket No. 4. The

Court has considered each of these motions and, for the reasons detailed below, Defendant's motion to dismiss the complaint is granted and Plaintiff's motion for leave to amend is denied.

**FACTUAL BACKGROUND**

As set forth above, Plaintiff's complaint arises out of Judge Cohen's handling of custody and divorce proceedings involving Plaintiff. Plaintiff identifies four specific occasions on which Judge Cohen allegedly violated his constitutional rights. First, Plaintiff alleges that Judge Cohen violated his right to due process on June 2, 2015, by denying him the right to be heard regarding a petition for an order of protection filed by Plaintiff's wife. Docket No. 1 at 3.

Second, Plaintiff alleges that Judge Cohen violated the Constitution's supremacy clause by threatening to withhold overnight visits with Plaintiff's children unless Plaintiff signed a release form under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") allowing his wife's attorney and the attorney-for-the-children to speak to his psychiatrist and mental health counselor. *Id*. at 4.

Third, Plaintiff alleges that he appeared *pro se* at a hearing on May 30, 2017, and that Judge Cohen was "visibly angry" at Plaintiff and, "[b]ecause he appeared without an attorney and for no other reason," cut Plaintiff's visitation time from six hours per week to four hours per week, in violation of Plaintiff's right to self-representation. *Id*.

Fourth, Plaintiff alleges that Judge Cohen violated his First Amendment right to freedom of speech and freedom of the press by stating that he should not make disparaging comments or electronic postings about his wife. *Id*. at 4-5.

Based on the foregoing allegations, Plaintiff asserts that Judge Cohen has "demonstrated a clear and continuous bias against" Plaintiff. *Id*. Plaintiff further alleges that Livingston County Judge Robert Wiggins, although he is "a good man and an honorable judge who [Plaintiff] trust[s]," is compromised by his personal relationship with Judge Cohen and his prior experiences with Plaintiff, and therefore "should not be put in the position of hearing" Plaintiff's divorce and custody proceedings, necessitating that those matters be moved to the Monroe County Courts.

With respect to Livingston County attorney-for-the-children Robert Campbell, Plaintiff alleges that Mr. Campbell was "poisoned against" Plaintiff by Plaintiff's marriage counselor, with whom he spoke pursuant to the HIPAA release Plaintiff claims was unlawfully obtained. *Id*. Plaintiff thus claims that Mr. Campbell should no longer be involved in his divorce and custody proceedings.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss [made pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although a complaint need not provide "detailed factual allegations," it nevertheless must assert "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must plead facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.* (citations omitted).  In deciding the a Rule 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the nonmovant.  *See Atwood v. Cohen & Slamowitz LLP*, 716 F. App'x 50, 52 (2d Cir. 2017).

As a general matter, the Court "afford[s] a special solicitude to *pro se* litigants" such as Plaintiff.  *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  This solicitude "takes a variety of forms" and may consist of "liberal construction of pleadings [and] motion papers" or "relaxation on the limitations on the amendment of pleadings . . . [and] leniency in the enforcement of other procedural rules." *Id*. Ultimately, however, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation omitted).

## II. Plaintiff's Claims are Barred by Absolute Judicial Immunity

Judge Cohen seeks dismissal of Plaintiff's complaint against him on the basis of absolute judicial immunity. "[S]tate judges are absolutely immune from liability for their judicial acts[.]" *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (citations omitted). Absolute judicial immunity applies "even when the judge is accused of acting maliciously and corruptly," *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976), or where "the action he took was in error ... or was in excess of his authority,'" *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). "[T]he touchstone for [judicial immunity's] applicability [is] performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 500 (1991) (citation omitted).

Plaintiff's claims against Judge Cohen fall squarely within the range of conduct covered by absolute judicial immunity. Judge Cohen's actions in conducting hearings and deciding custody issues are all quintessential judicial functions that, even where performed incompetently or for improper purposes, cannot form the basis of a suit against the judicial officer.

Plaintiff's complaint is not saved by the fact that he seeks injunctive relief. The Federal Courts Improvement Act of 1996 expressly amended 42 U.S.C. § 1983 (the statutory authority for actions against state officials for constitutional violations) to provide that "in any action brought against a judicial officer for

5

an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Accordingly, "the doctrine of absolute judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable." *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009). Plaintiff has not alleged that either of the narrow exceptions set forth in 42 U.S.C. § 1983 apply in this case, and therefore his request for injunctive relief also falls within the scope of absolute judicial immunity.

Absolute judicial immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, where (as in this case) a plaintiff's claim is barred by absolute judicial immunity, the matter must be dismissed. The Court accordingly grants Defendant's motion to dismiss the complaint.

**III. Plaintiff's Proposed Amendments are Futile**

Plaintiff has filed a motion seeking leave to amend his complaint.[1] In particular, Plaintiff seeks to modify his request for relief to state that he is "seeking relief in the form of a

---

[1] In violation of Local Rule of Civil Procedure 15(a), Plaintiff failed to include a copy of his proposed amended complaint with his motion for leave to amend. However, Plaintiff subsequently submitted a proposed amended complaint with his reply papers. *See* Docket No. 7-1. In light of Plaintiff's *pro se* status, the Court has overlooked this procedural violation and has considered Plaintiff's motion for leave to amend on the merits.

6

declaratory judgment affirming the constitutional rights of the defendant and the duty of . . . Judge Cohen to afford the plaintiff these rights . . . in all future court proceedings." Docket No. 7-1 at 13. The Court finds that this proposed amendment by Plaintiff would be futile, and therefore denies his motion for leave to amend.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be given freely "when justice so requires." Nevertheless, it remains "within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation omitted). In particular, the Court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A proposed amendment is futile where it "fails to state a claim on which relief can be granted." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014). "The adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

In this case, Plaintiff's proposed amendments to the complaint are futile. Plaintiff's proposed new request for declaratory relief, although nominally forward-looking, fails to identify any ongoing or continuing violation of federal law. Instead, Plaintiff merely argues that he "anticipates being required to appear before

7

Judge Cohen again" in connection with his ongoing Family Court proceedings and that, as such, additional constitutional violations "will undoubtably occur in the future." Docket No. 7 at 7. However, "[a]n action for declaratory judgment does not provide an occasion for addressing a claim of alleged injury based on speculation as to conduct which may or may not occur at some unspecified future date." *Abidor v. Napolitano*, 990 F. Supp. 2d 260, 272 (E.D.N.Y. 2013). Accordingly, Plaintiff's speculative allegations that Judge Cohen may violate his constitutional rights at some point in the future is insufficient to sustain a declaratory judgment action.

Plaintiff's claims regarding Judge Cohen's past conduct also cannot save his proposed declaratory judgment claims. Absolute judicial immunity bars declaratory judgment claims that "are retrospective in nature in that they seek a declaration" that a judge's past behavior has violated the Constitution. *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009); *see also Moore v. City of New York,* No. 12-CV-4206 RRM LB, 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012) ("Judicial immunity also bars . . . claims for retrospective declaratory relief.").

For the reasons set forth above, Plaintiff's proposed amended complaint fails to allege a viable claim for declaratory relief. Moreover, the claims for injunctive relief set forth in the proposed amended complaint fail for the same reasons as those included in the original complaint. Accordingly, it would be

futile for the Court to permit Plaintiff to amend his complaint, and his request for leave to amend is therefore denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss this action (Docket No. 3) is granted. Plaintiff's motion for leave to amend (Docket No. 4) is denied. The Clerk of the Court is instructed to enter judgement in favor of Defendant and to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            **S/Michael A. Telesca**

                        HON. MICHAEL A. TELESCA
                        United States District Judge

Dated:    July 23, 2018
           Rochester, New York