```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEFFREY C. LEATHERSICH,

        Plaintiff,

  -v-                              **6:18-cv-06363-MAT**
                                                **DECISION AND ORDER**

HONORABLE J. DENNIS COHEN,

        Defendant.

## **INTRODUCTION**

*Pro se* plaintiff Jeffrey C. Leathersich ("Plaintiff") filed the instant action on May 15, 2018. Docket No. 1. Plaintiff alleges that defendant, the Honorable J. Dennis Cohen ("Defendant" or "Judge Cohen"), a Livingston County Family Court Judge, violated his constitutional rights in connection with his divorce and custody proceedings. On July 23, 2018, the Court issued a decision and order granting Defendant's motion to dismiss the complaint and denying Plaintiff's motion for leave to amend as futile. Docket No. 9. Judgment was entered in Defendant's favor on July 24, 2018. Docket No. 10.

Plaintiff how has moved for an extension of time to file a notice of appeal, Docket No. 11, as well as for leave to appeal *in forma pauperis*, Docket No. 14. For the reasons discussed below, both applications are denied.

**DISCUSSION**

**I. Motion to Extend the Time to File a Notice of Appeal**

The Clerk of Court entered judgment in favor of Defendant on Tuesday, July 24, 2018. Docket No. 10. Pursuant to Federal Rule of Appellate Procedure ("FRAP") 4, "[i]n a civil case," subject to exceptions not applicable here, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). FRAP 4(a)(5) allows a district court to extend the time to file a notice of appeal if the party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5).

Here, the original notice of appeal was due on or before Thursday, August 23, 2018, i.e., 30 days after July 24, 2018. *See* FED. R. APP. P. 4(a)(1)(A). With regard to computing FRAP 4(a)(5)'s 30-day grace period, the Second Circuit has held that the first day of that grace period is the day *following* an appellant's failure to file a timely notice of appeal. *Melton v. Frank*, 891 F.2d 1054, 1057 (2d Cir. 1989). Therefore, the 30 days under

FRAP 4(a)(5) began to run on August 24, 2018. *See id.* Plaintiff filed his motion for an extension of time to file a notice of appeal on August 24, 2018, making it timely under FRAP 4(a)(5). The Court therefore has jurisdiction to entertain the motion. *Melton*, 891 F.2d at 1056 ("If . . . the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.") (citations omitted).

When asked, on the form motion, to describe the "excusable neglect" or "good cause" that led to his failure to file an appeal within the required number of days, Plaintiff states, "I was look [sic] at the court clerks notice of 'judgment in a civil case'" which is dated 7/24/18." Docket No. 11. This vague assertion certainly does not amount to "good cause." Because Plaintiff is *pro se*, the Court surmises that Plaintiff is arguing that his failure to file a timely notice of appeal due to excusable neglect.

Although the Supreme Court has instructed that pleadings filed by *pro se* litigants are to be held to a less stringent standard than those filed by lawyers,

*Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*per curiam*), it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In evaluating excusable neglect, the relevant factors "include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("*Pioneer*")). The first and second *Pioneer* factors will usually favor the movant, and the fourth factor generally is not at issue. *Silivanch*, 333 F.3d at 366 (citation omitted). This case does not require a different calculus.

However, it is the third factor upon which the Second Circuit and other circuits have focused. *Id.* Concerns about finality, as well as the desire to avoid

extensively litigating the equities every time a deadline is missed, have led the Second Circuit to "take[ ] a hard line" in its cases "addressing when neglect is 'excusable[.]'" *Id.* at 367 (collecting cases). The Second Circuit has observed that where "the rule is entirely clear, [it] continue[s] to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (*per curiam*) (citing *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (affirming denial of Rule 4(a)(5) extension where delay was due to a misunderstanding of the rules, even though the rule in question was "a 'trap' for the unsuspecting litigant" and had been amended for that reason prior to circuit's decision); other citation omitted).

After canvassing the case law from this and other Circuits, the Court concludes that excusable neglect has not been established. Indeed, Plaintiff's asserted reason for the late filing—that he looked at the judgment, entered July 24, 2018—does not make sense. July 24, 2018 was the correct date to consider in determining the

30-day period under FRAP 4(a). If the Court infers that Plaintiff is saying that he should have looked instead at the date the decision and order was entered, July 23, 2018, then his notice of appeal would have been due a day earlier, on August 22, 2018. Perhaps Plaintiff was equating 30 days to a month, or perhaps Plaintiff did not know that July is a 31-day month. Regardless, Plaintiff's neglect amounts to a simple miscalculation of the applicable time period. Even in cases involving *pro se* litigants, courts have found that this does not rise to the standard of excusable neglect. *See*, *e.g.*, *In re Hongjun Sun,* 323 B.R. 561, 566 (Bankr. E.D.N.Y. 2005); *Bethea v. Potter,* No. 01 CIV. 11492 (DFE), 2003 WL 22023968, at *3 (S.D.N.Y. Aug. 27, 2003); *Dix v. Saks, Inc.,* No. 02CIV.8957(LAK)(DFE), 2003 WL 194210, at *2 (S.D.N.Y. Jan. 29, 2003)*, case dismissed sub nom.* Dix v. Saks, Inc./Off 5th, No. 02 CIV. 8957 (LAK), 2003 WL 21223289 (S.D.N.Y. May 22, 2003).

II. **Motion for Leave to Proceed *In Forma Pauperis***

Since Plaintiff's motion for an extension of time to file a notice of appeal has been denied, his motion to proceed *in forma pauperis* is denied as moot.

6

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to extend the time to file a notice of appeal, Docket No. 11, is denied, and Plaintiff's motion for leave to proceed *in forma pauperis*, Docket No. 14, is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: October 3, 2018
Rochester, New York

7